UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH, | Case No. EDCV 19-399-JFW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| KAYLA FISHER, | |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Jack Robert Smith ("Smith"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") and state law alleging a violation of his Fourteenth Amendment rights and medical malpractice.  For the reasons discussed below, the Court dismisses the FAC with leave to amend.

**II.**

**BACKGROUND**

Smith is a civilly committed detainee, currently housed at Metropolitan State Hospital.  See Smith v. Oreol, No. CV 17-5943-JFW (KK), 2018 WL 6682424, at *1 (C.D. Cal. Oct. 29, 2018), report and recommendation adopted, No. CV 17-5943-

JFW-KK, 2018 WL 6681192 (C.D. Cal. Dec. 19, 2018).[1]  On November 15, 2012,

Smith was ordered committed to the care of Patton State Hospital for a period not to

exceed nineteen years and eight months based on findings by the Los Angeles County

Superior Court that he was guilty of assault with a firearm, carrying a loaded firearm,

and exhibiting a firearm, but not sane within the meaning of Section 1026 of the

California Penal Code at the time of the commission of the offense.  Id.

**A.    COMPLAINT**

On February 24, 2019, Smith constructively filed[2] a Complaint against the

medical director of Patton State Hospital, defendant Kayla Fisher ("Fisher"), in her

individual capacity.  ECF Docket No. ("Dkt.") 1.  Smith alleged that while he was

housed at Patton State Hospital, he sent letters to Fisher requesting his immediate

release without participation in a conditional release program ("CONREP").[3]  Id. at

---

[1]    The Court takes judicial notice of Smith's prior proceedings in this Court.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

[2]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners"); Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004) (holding civilly confined individuals are entitled to the "mailbox rule").

[3]    Section 1026.2 of the California Penal Code provides that a person found not guilty by reason of insanity may apply for release upon the ground that his or her sanity has been restored pursuant to a two-step procedure.  Cal. Penal Code § 1026.2. The application for restoration of sanity may be made, either by the person, or by the medical director of the state hospital or other treatment facility to which the person is committed.  Id. § 1026.2(a).

First, the state court must hold a hearing to determine whether the applicant would be "a danger to the health and safety of others, due to mental defect, disease, or disorder, if under supervision and treatment in the community."  Id. § 1026.2(e). Upon finding that the applicant will not be a danger due to mental defect while under supervision and treatment in the community, the court is required to place the applicant with an appropriate forensic conditional release program ("CONREP") for one year.  Id.  "The court shall not determine whether the applicant has been restored to sanity until the applicant has completed the one year in the appropriate forensic conditional release program, unless the community program director sooner makes a recommendation for restoration of sanity and unconditional release."  Id.

Second, following successful completion of the one-year CONREP program, the state court must hold a trial to determine whether the applicant has been restored to sanity, "which means the applicant is no longer a danger to the health and safety of others, due to mental defect, disease, or disorder", and, therefore, unconditional

2

6-7. While not entirely clear, it appeared Smith alleged Fisher "failed to perform her legal duty" by failing to "provid[e] a remedy" for his complaints, presumably by failing to recommend him for immediate, unconditional release even though he had provided her with doctors' reports allegedly stating he was "not dangerous/not mentally ill & no longer require[d] hospitalization." Id. at 7.

On March 26, 2019, the Court dismissed the Complaint with leave to amend. Dkt. 6.

**B.    FIRST AMENDED COMPLAINT**

On April 15, 2019, Smith filed the instant FAC against Fisher in her individual capacity. Dkt. 8. Smith alleges Fisher failed to respond to his complaints or provide any remedy for his grievances regarding his emotional distress resulting from his allegedly unlawful hospitalization. Id. at 5. Smith argues Fisher's failure to respond to his grievances violates his Fourteenth Amendment rights.[4] Id. at 6. Smith seeks monetary and punitive damages. Id. at 7.

### III.

### STANDARD OF REVIEW

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such

---

release should be granted. Id. § 1026.2(e). The trial may be held prior to the completion of one year in the conditional release program if, at any time during the conditional release program, the community program director forms the opinion that the applicant is "no longer a danger to the health and safety of others, due to mental defect, disease, or disorder" and submits a report of his opinion and recommendation to the committing court, the prosecuting attorney, and the attorney for the applicant. Id. § 1026.2(h).

[4] Smith mentions that he is being held in "basic custodial care" without treatment, but this appears to be related to his belief that Fisher has an obligation to recommend Smith's unconditional release, rather than requiring him to go through the procedures set forth in Section 1026.2 of the California Penal Code.

relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual

4

allegations," <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A. THE COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM**

### 1. Applicable Law

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Analysis of due process claims proceeds in two steps. "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." <u>Ky. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989) (citation omitted).

A liberty interest may arise from the due process clause itself or from state law. <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). A state may create a protected liberty interest by placing substantive

5

1   limitations on official discretion.  Thompson, 490 U.S. at 463.  However, to create a

2   constitutionally protected liberty interest, a statute must contain "'explicitly mandatory

3   language,' i.e., specific directives to the decisionmaker that if the regulations'

4   substantive predicates are present, a particular outcome must follow."  Id. (quoting

5   Hewitt v. Helms, 459 U.S. 460, 472, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983)); Carver

6   v. Lehman, 558 F.3d 869, 874-75 (9th Cir. 2009).

7       **2.    Analysis**

8       Here, while Smith has attempted to reframe his argument in the FAC, it

9   appears Smith is again alleging Fisher violated his due process rights by failing to

10  recommend Smith's unconditional release.  Dkt. 8 at 6.  Smith appears to believe that

11  unconditional release without CONREP is the only possible remedy that would be

12  sufficient to address his allegedly unlawful hospitalization.  Id.  However, Fisher has

13  no legal obligation to recommend Smith's release.  Rather, Section 1026.2 permits, but

14  does not require, a director of a state hospital to file an application for restoration of

15  sanity on behalf of a patient.  See Cal. Penal Code § 1026.2(a).

16      Accordingly, because the statute does not "direct that a given action will be

17  taken or avoided," Smith does not have a liberty interest in being released without

18  participation in CONREP, much less in having Fisher make such a recommendation.

19  See Toussaint, 801 F.2d at 1094; Badea v. Cox, 26 F.3d 129 (9th Cir. 1994) (finding

20  plaintiff did not have a liberty interest in being transferred to a community treatment

21  center because the statute providing such discretion to prison administrators did not

22  "direct that a given action will be taken or avoided").

23      To the extent Smith is alleging he was wronged merely by the fact of Fisher's

24  failure to respond to his grievance, there is no constitutional entitlement to have his

25  grievance handled or decided in a particular manner.  Ramirez v. Galaza, 334 F.3d

26  850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

27      Hence, Smith's Fourteenth Amendment procedural due process claim must,

28  therefore, be dismissed.

**B.    THE COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM**

###### 1.    Applicable Law

The Fourteenth Amendment's due process clause requires housing civilly committed persons "in conditions of reasonable care and safety [and] reasonably nonrestrictive confinement conditions[,]" including "adequate food, shelter, clothing, . . . medical care" and personal safety. Youngberg v. Romeo, 457 U.S. 307, 324, 102 S.Ct. 2452, 2462, 73 L.Ed.2d 28 (1982); Hydrick v. Hunter, 500 F.3d 978, 996 (9th Cir. 2007), cert. granted, judgment vacated on other grounds, 556 U.S. 1256, 129 S. Ct. 2431, 174 L. Ed. 2d 226 (2009).  However, a civilly committed person may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).  A government action constitutes punishment if "(1) the action causes the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action is to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing Wolfish, 441 U.S. at 538 ("A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.")).

###### 2.    Analysis

First, while not entirely clear, it appears Smith is again alleging his "illegal[]" detention constitutes "unnecessary punishment" in violation of the Fourteenth Amendment. See dkt. 8 at 6.  As previously explained in the Order dismissing the Complaint with leave to amend, dkt. 6, such general and conclusory allegations do not plausibly allege conditions that "significantly exceed . . . the inherent discomforts of confinement." Demery, 378 F.3d at 1030; see Wolfish, 441 U.S. at 537 ("[T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement

7

1  does not convert the conditions or restrictions of detention into 'punishment.'").

2  Smith does not appear to be complaining about the conditions of confinement, but

3  rather the confinement itself.

4       Second, Smith's conclusory allegation that Fisher "intentionally" failed to

5  "provid[e] a remedy" for his complaints, see dkt. 8 at 6, does not amount to an

6  express intent to punish Smith nor does it show conditions that are excessive in

7  relation to a non-punitive purpose. See Iqbal, 556 U.S. at 681 (finding conclusory

8  allegations of intent are insufficient to "plausibly suggest . . . discriminatory state of

9  mind"). There are no factual allegations from which the Court can draw the inference

10 Fisher intended to harm Smith. See Cook, 637 F.3d at 1004 ("A claim has facial

11 plausibility when the plaintiff pleads factual content that allows the court to draw the

12 reasonable inference that the defendant is liable for the misconduct alleged." (quoting

13 Iqbal, 556 U.S. at 678)). Hence, Smith has not alleged sufficient facts establishing an

14 improper government purpose.

15      Accordingly, Smith's Fourteenth Amendment substantive due process claim

16 must be dismissed. See Demery, 378 F.3d at 1030.

17 **C.    THE COURT DECLINES TO EXERCISE SUBJECT MATTER**

18 **JURISDICTION OVER SMITH'S STATE LAW CLAIMS**

19      The Court has original jurisdiction solely over Smiths federal law claims, which

20 should be dismissed for the reasons set forth above. "Where a district court

21 'dismiss[es] every claim over which it had original jurisdiction,' it retains pure[]

22 discretion[]' in deciding whether to exercise supplemental jurisdiction over the

23 remaining claims." Lacey v. Maricopa Cty., 693 F.3d 896, 940 (9th Cir. 2012)

24 (alterations in original); see also 28 U.S.C. § 1367(c). Thus, because Smith's federal

25 law claims should be dismissed, the Court declines to exercise supplemental

26 jurisdiction over his state law claims. Accordingly, Smith's state law claims must be

27 dismissed for lack of jurisdiction.

28 ///

8

**V.**

**LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action.  However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.     Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

9

asserted in the FAC.  In addition, the Second Amended Complaint must be complete

without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v.

Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat

all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff**

**leave to amend as to all his claims raised here, any claim raised in a preceding**

**complaint is waived if it is not raised again in the Second Amended Complaint.**

Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward

another dismissal with leave to amend if Plaintiff files a Second Amended Complaint

that continues to include claims on which relief cannot be granted.  "[A] district

court's discretion over amendments is especially broad 'where the court has already

given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty.

of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at

1261.  Thus, **if Plaintiff files a Second Amended Complaint with claims on**

**which relief cannot be granted, the Second Amended Complaint will be**

**dismissed without leave to amend and with prejudice.**

2.  Alternatively, Plaintiff may voluntarily dismiss the action without

prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is**

**directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court**

**encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///

///

///

///

///

///

///

1    **Plaintiff is explicitly cautioned that failure to timely respond to this**

2    **Order will result in this action being dismissed with prejudice for failure to**

3    **state a claim, or for failure to prosecute and/or obey Court orders pursuant to**

4    **Federal Rule of Civil Procedure 41(b).**

5

6    Dated:  April 19, 2019

7                                                    _____
                                                     HONORABLE KENLY KIYA KATO
8                                                    United States Magistrate Judge